# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed:  September 26, 2017

* * * * * * * * * * * * *

STEPHEN ACKER,                                   *       No. 17-242V
 *

       Petitioner,                           *       Special Master Sanders
 *

v.                                               *
 *       Ruling on Entitlement; Concession;
SECRETARY OF HEALTH                              *       Causation-In-Fact; Influenza ("Flu")
AND HUMAN SERVICES,                              *       Vaccine; Guillain-Barré Syndrome
 *       ("GBS").
       Respondent.                           *

* * * * * * * * * * * * *

Paul A. Kinne, Gingras, Cates & Luebke, S.C., Madison, WI, for Petitioner.
Lara A. Englund, United States Department of Justice, Washington, DC, for Respondent.

## RULING ON ENTITLEMENT[1]

On February 21, 2017, Petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program.[2]  42 U.S.C. §§ 300aa-10 to -34 (2012).  Petitioner alleges that he suffered from Guillain-Barré Syndrome ("GBS") as a result of an influenza vaccination received on October 1, 2015.  Pet. 1, ECF No. 1.  The case was assigned to the undersigned on August 4, 2017.  Not. Reassignment, ECF No. 15.

On September 26, 2017, Respondent filed his Rule 4(c) report in which he concedes that Petitioner is entitled to compensation in this case.  Resp't's Rep. 1, ECF No. 17.  Specifically, Respondent finds that the evidence shows Petitioner suffered GBS following the administration of an influenza vaccine, and that the onset occurred within the time period specified in the newly

---

[1] This decision shall be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B).  Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision.  If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (hereinafter "Vaccine Act," "the Act," or "the Program").  Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

revised Vaccine Injury Table ("Table").[3]  *Id.* at 4-5.  Respondent recognizes that Petitioner "may-re-file this petition and be afforded a presumption of causation under the revised Table." *Id.* at 5.  As such, Respondent does not contest entitlement to compensation in this case.

**In view of Respondent's position and the evidence of record, the undersigned finds that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

---

[3] The revised Table only governs petitions filed on or after March 21, 2017.  82 Fed. Reg. 6294 (Jan. 19, 2017) (to be codified at 42 C.F.R. Pt. 100).